A99A1772. WALKER v. BURNETT.
(526 SE2d 109)

ELDRIDGE, Judge.
Kenneth Walker challenges the Fulton County Superior Court's order granting summary judgment to Russell Burnett in this legal malpractice action. We affirm because Walker has failed to show that any alleged deficiencies in Burnett's representation of Walker caused Walker's federal employment discrimination claim to fail.

The relevant facts of this case are as follows: Walker began working part-time for United Parcel Service, Inc. ("UPS") in April 1984. In June 1991, Walker became a seniority package car driver; in that capacity, Walker was responsible for picking up and delivering packages. By October 1991, Walker had been cited no less than six times for failing to pick up or deliver in excess of thirty packages. Over the next few months, a UPS manager rode with Walker on several occasions and noted several deficiencies in his delivery methods. Walker repeatedly failed to comply with company standards and pro-

cedures, even after he received numerous written citations and suspensions. In September 1992, UPS terminated Walker's employment.

Walker hired Burnett and his law partner, Paul Munger,[1] to represent him in an employment discrimination suit under Title VII of the 1964 Civil Rights Act and 42 USC § 1981. In December 1993, Burnett filed Walker's claim in the United States District Court, Middle District of Georgia ("District Court").[2] During discovery, either Burnett or Munger represented Walker in depositions of between 20 and 30 UPS employees.

UPS filed a motion for summary judgment on December 21, 1994. In his response to the motion, Burnett attached affidavits which referred repeatedly to depositions which apparently had not been filed in the District Court's record. However, Burnett attached selected pages from the depositions to the affidavits. Even though the District Court noted that the affidavits failed to satisfy the requirements of Rule 56 (e) of the Federal Rules of Civil Procedure, the District Court did not strike them and, in fact, considered "the record as a whole" before granting UPS's summary judgment motion.

The District Court's analysis of the case noted that, in order to demonstrate racial discrimination under Title VII,[3]

> the plaintiff must first establish a prima facie case of disparate treatment. In situations in which a plaintiff alleges unequal application of discipline for violation of work rules, a prima facie case of disparate treatment is established by showing: (1) [p]laintiff is a member of a protected class; and (2) that plaintiff did not violate the work rules for which he was disciplined or that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct. Once the plaintiff has set out a prima facie case, a presumption of discrimination arises. If the plaintiff establishes a prima facie case, the burden of production would then shift to the defendant to articulate a nondiscriminatory basis for the employment action. The defendant's burden at this point is one of production, not persuasion.

(Citations and punctuation omitted.) See also *St. Mary's Honor*

---

[1] Munger is not a party to this appeal.

[2] *Walker v. United Parcel Svc.*, Civil Action File No. 93-CV-134-VAL.

[3] The analysis of employment discrimination claims under Title VII and 42 USC § 1981 is the same. *Drake v. City of Fort Collins*, 927 F2d 1156, 1162 (10th Cir. 1991).

*Center v. Hicks*, 509 U. S. 502 (113 SC 2742, 125 LE2d 407) (1993); *McDonnell Douglas Corp. v. Green*, 411 U. S. 792, 801 (93 SC 1817, 36 LE2d 668) (1973); *Meeks v. Computer Assoc. Intl.*, 15 F3d 1013, 1019-1021 (11th Cir. 1994); *Jones v. Gerwens*, 874 F2d 1534, 1538 (11th Cir. 1989). Further, if the defendant is able to rebut the inference created by the prima facie case by demonstrating a nondiscriminatory reason for its actions, the plaintiff must prove by a preponderance of evidence that the employer had a discriminatory intent or that the employer's justification was a pretext to disguise unlawful discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U. S. 248, 254-256 (101 SC 1089, 67 LE2d 207) (1981); *McDonnell Douglas Corp. v. Green*, supra at 804; *Meeks v. Computer Assoc. Intl.*, supra; *Jones v. Gerwens*, supra.

After reviewing the record, the District Court found that Walker had failed to demonstrate that any similarly situated white UPS employee had received less severe discipline than Walker for the same acts. According to the court's order,

> plaintiff has a long history of service problems. Plaintiff has set forth no evidence that a white employee of UPS, performing duties similar to that of plaintiff, with as long a history of problems as plaintiff, was not disciplined to the same extent as plaintiff. As such plaintiff has failed to establish a prima facie case of disparate treatment.

Further, the District Court found that, *even if Walker had been able to establish a prima facie case of disparate treatment*, UPS had fulfilled its burden of articulating a "legitimate, nondiscriminatory reason for plaintiff's discharge," i.e., "his long history of service related problems and his inability or unwillingness to address those problems." According to the court, Walker failed to present any evidence that he had been terminated "for any reason other than his inability to perform the basic duties required of a package car driver." Accordingly, the court rejected Walker's employment discrimination claim on the merits and granted summary judgment to UPS.

On January 22, 1997, Walker filed a professional malpractice suit against Burnett, alleging that Burnett's negligent representation caused the District Court to grant summary judgment to UPS. Burnett moved for summary judgment on October 20, 1997, and the trial court granted the motion on December 12, 1997. Walker appeals from this order. *Held*:

Walker claims that the trial court erred in granting Burnett's summary judgment motion because a genuine factual issue exists as to whether Burnett's representation constituted malpractice and whether this alleged malpractice caused Walker to lose his employ-

ment discrimination case.

However, in Georgia, Walker must make all of the following showings in order to recover on a legal malpractice claim: (1) employment of an attorney; (2) failure of the attorney to exercise ordinary care, skill and diligence; and (3) damages proximately caused by such failure, e.g., the loss of a meritorious case. *Tante v. Herring*, 264 Ga. 694 (1) (453 SE2d 686) (1994). Pretermitting whether a jury issue exists as to the first or second elements, Walker is unable to prevail on this claim because he has failed to present *any* evidence to raise a jury issue on the third element, proximate causation. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (therefore, his claim "tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]").

As to causation, the District Court's order demonstrates that it found two bases for rejecting Walker's discrimination claim. *Neither* implicated Burnett's legal representation or alleged lack thereof.

First, the District Court found that Walker had failed to present a prima facie case of discrimination because the examples he relied upon to demonstrate disparate treatment, i.e., white employees who were allegedly treated better than Walker *were not similarly situated*. The District Court found that, while these employees may have had isolated instances of misconduct, none of the other package drivers had Walker's extensive record of mishandling packages and his repeated failure to improve his performance.

Second, the District Court found that, *even if* Walker had been able to demonstrate disparate treatment, i.e., harsher punishment than white employees for the same mistakes, Walker's "long history of service related problems and his inability or unwillingness to address those problems" constituted a "legitimate, nondiscriminatory reason" for his termination. As the District Court held, there was no evidence that Walker was discharged for any reason other than his chronic "inability to perform the basic duties required of a package car driver."

In this case, Burnett was deposed by Walker and testified that there was no evidence in the depositions of UPS employees which would have changed the outcome of the discrimination case or made the claim stronger. In fact, according to Burnett, he chose not to have certain depositions transcribed because he knew, after attending the depositions, that the documents would not have contained any evidence that was favorable to Walker.

However, Walker claims that evidence existed to show disparate treatment and UPS's discriminatory intent, but the District Court could not consider it because Burnett failed to ensure that the depositions had been filed in the record. Walker, however, has failed to include such alleged evidence in the record for *this* professional mal-

practice case. The only deposition in the record was the one Walker took of Burnett in this case. Walker's few references to the allegedly favorable evidence of discrimination are vague and unsupported by specific evidence in the record, i.e., the depositions themselves. As such, Walker has failed to present any specific, competent evidence to rebut Burnett's assertion that no such evidence exists. See OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, supra.

Therefore, since Walker was unable to show that he would have prevailed in his employment discrimination case *but for* Burnett's alleged negligence, he failed to present a prima facie case of professional malpractice. The trial court did not err in granting summary judgment to Burnett.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 23, 1999.

*Lucinda Perry, Sonya Chachere-Compton*, for appellant.
*Bondurant, Mixson & Elmore, Jeffrey O. Bramlett, Michael B. Terry, Lynn M. Adam*, for appellee.