A99A1919. SZUROVY v. OLDERMAN et al.
(530 SE2d 783)

POPE, Presiding Judge.

Rebecca Szurovy appeals the grant of summary judgment in her legal malpractice action against the attorneys who represented her in a divorce action: John Olderman, and the law firm of Davis, Matthews & Quigley, P.C. For the following reasons, we reject Szurovy's arguments and affirm.

Szurovy filed a complaint against defendants for legal malpractice and breach of fiduciary duty, alleging that they negligently failed to negotiate an award of alimony for her and failed to preserve her right to seek future alimony from her former husband, Edward Szurovy. She claimed that as a result of defendants' acts she is now barred from pursuing a modification action to seek alimony from Mr. Szurovy as a result of a change in his circumstances and financial wealth. Ms. Szurovy's complaint included counts for negligence,

---

breach of contract, and breach of fiduciary duty; she also set forth a claim for punitive damages and for various expenses of litigation. Contemporaneously with the complaint Ms. Szurovy filed a lawyer's affidavit which stated that defendants' conduct in representing Ms. Szurovy constituted legal malpractice, specifically in their failure to preserve her rights to alimony and to provide her with the correct legal advice as to her right to seek future alimony.

After answering the complaint, defendants filed a motion for summary judgment, arguing that, as a matter of law, Ms. Szurovy did not suffer damages or that her damages were too speculative to recover for malpractice. The court granted the motion, and Ms. Szurovy appealed.

The record contains the following undisputed facts: in July 1993 Ms. Szurovy filed a lawsuit against Mr. Szurovy for divorce, alimony, child support, and equitable distribution of property. The court held a temporary hearing, and Mr. Szurovy was ordered to pay $2,000 per month in support for Ms. Szurovy and the minor children; he never fully complied with that order.

The case was scheduled for trial, but on the trial date, Ms. and Mr. Szurovy negotiated a settlement through counsel. The agreement granted Ms. Szurovy custody of the children; outlined a visitation schedule; required Mr. Szurovy to pay for an SAT course; required Mr. Szurovy to pay child support of $1,500 per month until the children reached the age of 18; required Mr. Szurovy to split the medical and dental costs not covered by insurance; awarded Ms. Szurovy all proceeds from the sale of the marital residence; required Mr. Szurovy to carry life insurance; provided for general indemnification for debts; allowed Mr. Szurovy to claim one child as a deduction for 1993; and required Mr. Szurovy to pay $1,000 of Ms. Szurovy's attorney fees. The terms of the agreement were read into the record and affirmed by both parties and their counsel in open court. Because the parties were later unable to agree upon the written terms of a settlement document, the Divorce Decree incorporated a copy of the trial transcript. The agreement did not mention alimony. Mr. Szurovy did not comply with the divorce decree and did not make child support payments until Ms. Szurovy filed a motion for contempt and Mr. Szurovy spent time in jail. Apparently, Mr. Szurovy still owes about $13,000 in back child support.

The evidence regarding the discussions about alimony which Ms. Szurovy and Olderman had is disputed. In her deposition, Ms. Szurovy admitted that she and Olderman discussed alimony early on, but she claimed that on the day the case was settled, they did not discuss alimony. Ms. Szurovy testified that she wanted alimony and that she did not realize that she had waived her alimony rights by agreeing to the settlement. Ms. Szurovy admitted that she was not

present for the settlement negotiations between Olderman and Mr. Szurovy's attorney. On the other hand, Olderman claimed that he and Ms. Szurovy repeatedly discussed alimony and discussed the fact that Mr. Szurovy had repeatedly refused to pay alimony. Olderman testified that he told Ms. Szurovy that, in the absence of any provision for alimony, she was waiving her present and future rights to it. The lawyer who represented Mr. Szurovy also testified that his client repeatedly refused to pay alimony. He recalled that Olderman tried to provide in the agreement for Ms. Szurovy's future right to alimony, but that his client would not agree to these provisions.[1] In her sole enumeration of error, Ms. Szurovy argues that the court erred in granting summary judgment because the question of proximate causation was a jury question. She claims that summary judgment would have been appropriate *only if* defendants could show that there was no possibility that alimony would have been awarded in the underlying legal action. Ms. Szurovy contends that defendants did not meet their burden of proving that there were no damages and they simply showed that damages were difficult to ascertain. See generally *Freeman v. Pittman*, 220 Ga. App. 672 (469 SE2d 543) (1996).

Defendants argue that summary judgment was proper because Ms. Szurovy failed to present any evidence regarding proximate cause or damages. They argue that Ms. Szurovy did not provide any evidence that defendants' conduct caused her to negotiate a less favorable settlement than she otherwise would have and that, accordingly, her argument that she unknowingly waived her alimony rights must fail. In this regard, defendants cite to the settlement agreement between the Szurovys which provided for $1,500 in child support and Ms. Szurovy's possession of the marital residence. They argue that Olderman *did* discuss alimony with her, and they point out that Mr. Szurovy has not paid $13,000 which he owes her.

We agree with defendants and affirm.

> In a legal malpractice action, the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff.

(Citation and punctuation omitted.) *Perry v. Ossick*, 220 Ga. App. 26, 28-29 (467 SE2d 604) (1996). In other words, in a legal malpractice case, the plaintiff must prove that the attorney's alleged negligence

---

[1] Defendants contend that the impetus for this lawsuit is Ms. Szurovy's unsubstantiated belief that Mr. Szurovy will receive a sizable inheritance upon his father's death.

proximately caused the client's harm. *Jaraysi v. Soloway*, 215 Ga. App. 531, 532 (1) (451 SE2d 521) (1994). Proximate cause in a malpractice action requires a plaintiff to demonstrate that "but for the [attorney's] error, the outcome would have been different; any lesser requirement would invite speculation and conjecture. [Cit.]" *Houston v. Surrett*, 222 Ga. App. 207, 209 (2) (474 SE2d 39) (1996). These requirements also pertain to malpractice suits arising from settlement negotiations. See, e.g., *Whitehead v. Cuffie*, 185 Ga. App. 351 (2) (364 SE2d 87) (1987).

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In this case, to satisfy the burden of proof on summary judgment, defendants were required to point out by reference to the record that there was an absence of proof adduced by Ms. Szurovy on the issue of proximate cause. See *White v. Rolley*, 225 Ga. App. 467, 468 (2) (484 SE2d 83) (1997).

The defendants successfully met their burden by showing that Ms. Szurovy's action must fail because there is no evidence that she suffered damages as a result of the alleged negligence. Significantly, Ms. Szurovy does not point to any evidence regarding Mr. Szurovy's financial status, and she does not cite Mr. Szurovy's present annual income or any of his assets to show that but for the defendants' actions she could have negotiated a better divorce settlement. Furthermore, there was no evidence regarding the amount of alimony which Ms. Szurovy claims she should have recovered and how that differs from the amounts she actually recovered, nor does she cite any evidence regarding the value of the marital estate. Similarly, Ms. Szurovy has failed to cite any specific evidence to support her claim that the lost opportunity for future modification of alimony was harmful. Instead, she simply relies on a generalized claim that she unknowingly forfeited her alimony rights.

Because Ms. Szurovy failed to show that she could have negotiated a better agreement or that she would have obtained better

results in a trial,[2] she has failed to establish damages and proximate cause. As a matter of law, her claims of damage are speculative. Importantly, in the absence of any showing of harm, there is no evidence that any alleged negligence was the proximate cause of damage to the plaintiff. "It stands to reason that if there is no harm resulting from the breach of duty, then no cause of action exists to be the subject of a lawsuit. . . ." *Whitehead v. Cuffie*, 185 Ga. App. at 353. Accordingly, summary judgment was proper. See generally *Perry v. Ossick*, 220 Ga. App. at 30.[3]

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 9, 2000 —
RECONSIDERATION DENIED APRIL 12, 2000 — 

*Beltran & Associates, Frank J. Beltran, Charlotte K. Perrell*, for appellant.

*Troutman Sanders, Daniel S. Reinhardt, Carmie L. McCurry, Toni A. Friess*, for appellees.

---

[2] We note also that Ms. Szurovy has not shown that any agreement would have been collectible. "A client suing his attorney for malpractice not only must prove that his claim was valid and would have resulted in a judgment in his favor, but also that said judgment would have been collectible in some amount, for therein lies the measure of his damages. [Cit.]" (Punctuation omitted.) *Perry v. Ossick*, 220 Ga. App. at 29.

[3] Given the differing circumstances of this case, we find Ms. Szurovy's reliance on *Grayson v. Wofsey*, 231 Conn. 168 (646 A2d 195) (1994), misplaced.