A03A0977. KIDD v. GEORGIA ASSOCIATION OF EDUCATORS, INC. et al.

(587 SE2d 289)

MILLER, Judge.

The Clarke County school superintendent recommended that Lamar Kidd be terminated as a school teacher. At the hearing on the

matter before the local school board, Kidd's nonlawyer representative (an employee of the Georgia Association of Educators, Inc.) failed to raise an argument that was later raised on appeal to the State Board of Education. The local board upheld the termination recommendation, and a second representative from GAE (this time an attorney) appealed the decision to the State Board of Education, which affirmed. The attorney then failed to file the appeal to the superior court timely, resulting in the dismissal of that appeal. Kidd sued GAE and its attorney for legal malpractice, and the defendants successfully moved for summary judgment. Kidd appeals, arguing that disputed issues of fact precluded summary judgment. We hold that under the undisputed facts, Kidd did not show the element of proximate cause, and we therefore affirm summary judgment against him.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence in the light most favorable to the nonmovant. Id.

Construed in favor of Kidd, the evidence showed that he was a school teacher for 19 years at Clarke Central High School. In April 1997, Clarke Central received notice from its accrediting agency that due to Kidd's failure to earn required continuing education credits, the agency was downgrading the school's accreditation status to "Accredited-Advised," which represented the first of four possible downgrades ("Accredited-Advised," "Accredited-Warning," probation, and revocation of accreditation). If the school did not terminate Kidd or ensure that he earned ten of those credits by September 1997, the agency threatened to downgrade the status further to "Accredited-Warning."

On April 18, the school principal notified Kidd of the accreditation problem and directed him to earn a total of ten credits by August 18 or face dismissal. Over the next four months, Kidd earned some credits but did not earn the required total of ten. Citing Kidd's failure to secure necessary educational training as directed and "other good and sufficient cause" resulting from his not securing the ten credits, the Clarke County school superintendent notified Kidd on August 18 that the superintendent was recommending Kidd's termination and that Kidd was invited to an August 29 hearing on the matter before the local school board.

Kidd contacted GAE, which agreed to provide him representation at the hearing. A nonlawyer GAE employee represented Kidd at the hearing, arguing that Kidd would be obtaining the necessary credits shortly and that termination was unnecessary. The local

board voted to uphold the superintendent's recommendation to terminate Kidd. An attorney with GAE appealed the matter to the State Board of Education, arguing for the first time that under the published five-year cyclical schedule of obtaining the required ten continuing education credits, Kidd was only finishing the fourth year and therefore should have been allowed until June 1998 (as opposed to the principal's deadline of August 1997) to obtain the missing credits. The State Board affirmed the local board's decision to terminate Kidd.

The GAE attorney counseled Kidd that he had solid grounds for appeal, and Kidd authorized her to appeal the matter to the superior court. She failed, however, to file the appeal timely, resulting in its dismissal.

Kidd sued GAE and its attorney for legal malpractice, alleging that their failure (1) to raise the "five-year cycle" argument before the local board and (2) to file the appeal timely thwarted his attempts to successfully appeal his termination. He sought to recover lost pay and other damages. The defendants moved for summary judgment, presenting evidence and argument that asserting the "five-year cycle" argument earlier and filing an appeal timely would both have been futile actions. The trial court granted the defendants' motion for summary judgment, which ruling Kidd now appeals to this Court. He argues that disputed issues of fact precluded summary judgment.

To establish a legal malpractice claim, a plaintiff must prove (1) he employed the defendant attorney, (2) the attorney failed to exercise ordinary care, skill, and diligence, and (3) this failure was the proximate cause of damages to the plaintiff. *Holmes v. Peebles*, 251 Ga. App. 417, 419 (554 SE2d 566) (2001). "To establish proximate cause, the client must show that but for the attorney's error, the outcome would have been different; any lesser requirement would invite speculation and conjecture. The defendant attorney is entitled to summary judgment if he shows that there is an absence of proof adduced by the client on the issue of proximate cause." (Punctuation and footnotes omitted.) Id.

Kidd first asserts that defendants' failure to argue the "five-year cycle" issue in the hearing before the local board was negligent conduct that caused him harm (i.e., the loss of his job). Kidd's case fails if he cannot show a causal link between his attorney's failure to raise the defense and any injury suffered. See *Houston v. Surrett*, 222 Ga. App. 207, 209 (2) (474 SE2d 39) (1996).

Here the undisputed evidence showed that the local board was aware of the fact that under ordinary circumstances, Kidd would have had another year in his five-year cycle to earn the required ten credits. Kidd, however, had failed in the previous five-year cycle to earn the requisite ten credits, which (combined with his dismal per-

formance of earning only one credit by the fourth year in the new cycle) led the accrediting agency to downgrade the school's accreditation status and to require that Kidd earn the credits for the current five-year cycle by an earlier deadline in order to prevent a further downgrading of the school's accreditation status in September 1997. Faced with the impending accreditation threat, the school principal was fully justified in requiring Kidd to earn the ten credits by August 1997 and in threatening to terminate Kidd for good and sufficient cause if he did not comply. Kidd's subsequent failure to earn the needed credits jeopardized the school's accreditation status, was a failure to maintain necessary educational training, and constituted disobedience of a direct order from a superior, each of which was alone good and sufficient cause for termination. See OCGA § 20-2-940 (a) (2), (7).

The undisputed testimony that these actions or inactions of Kidd led to the local board's decision to uphold the termination recommendation, where the board was fully aware that the August 1997 deadline was early in Kidd's five-year cycle, leads inexorably to the conclusion that raising the "five-year cycle" argument to the local board would not have led to a different outcome. Accordingly, Kidd presented no evidence to the trial court that this alleged mistake of the defendants to argue the issue in the hearing before the local board proximately caused his damages, and summary judgment on this malpractice claim was appropriate. See *Houston*, supra, 222 Ga. App. at 209 (2).

The second allegation of malpractice was the GAE attorney's failure to file the appeal to the superior court timely.

> In the context of a legal malpractice case in which the negligence alleged is the failure of an attorney to file an appeal, proximate cause may be established by showing that the appellate court would have reversed and that, upon remand to the lower court, the client would have obtained a more favorable result. A determination of whether an appeal to this court would have been successful is a question of law, and hence, proper for summary adjudication.

(Citation and punctuation omitted.) *McMann v. Mockler*, 233 Ga. App. 279, 280 (1) (503 SE2d 894) (1998); accord *Dow Chem. Co. v. Ogletree, Deakins, Nash, Smoak & Stewart*, 237 Ga. App. 27, 29 (1) (514 SE2d 836) (1999).

Here, the undisputed evidence showed that the local board was fully justified in reaching the decision to uphold the recommendation to terminate Kidd for good and sufficient cause, including insubordination, failure to maintain necessary educational training, and jeop-

ardizing the school's accreditation status. He had received prior notice of these termination reasons from his principal and the superintendent. Cf. *Clinch County Bd. of Ed. v. Hinson*, 247 Ga. App. 33, 36 (1) (d) (543 SE2d 91) (2000). Since the superior court, to whom the appeal would have gone, was bound to affirm the decision of the local board if there was any evidence to support it, id. at 36 (1), a timely appeal would have been futile. Accordingly, Kidd also failed to show any evidence of proximate cause as to this second allegation of malpractice.

Summary judgment was appropriate on all claims.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 11, 2003.

*Jones, Jensen & Harris, Taylor W. Jones, Jenny E. Jensen, Richard E. Harris*, for appellant.

*Kramer & Thomas, Michael E. Kramer, Terence T. Thomas*, for appellees.