A07A1132. MILLSAPS v. KAUFOLD et al.

(653 SE2d 344)

</div>

JOHNSON, Presiding Judge.

 This appeal is from the grant of summary judgment to an attorney sued by his former client for legal malpractice. Because the trial court erred in concluding that there is no evidence that the attorney's alleged negligence proximately caused damage to the former client, we reverse the grant of summary judgment.

 Shannon Millsaps retained attorney Howard Kaufold to represent her in a divorce action. The final divorce decree was entered pursuant to a settlement agreement under which Millsaps received various pieces of property that, after paying off debts and encumbrances, allegedly netted her approximately $120,000. After the divorce, Millsaps sued Kaufold for legal malpractice, claiming that his failures to identify and name as defendants to the divorce action corporations controlled by Millsaps' former husband and to file a notice of lis pendens against certain properties allowed the former husband to encumber the properties and dissipate marital assets.

 Kaufold moved for summary judgment. The trial court granted the motion, finding that Millsaps cannot show that Kaufold's negligence proximately caused her alleged damages. Millsaps appeals.

> To prevail on a legal malpractice claim, a client must prove that (1) he employed the defendant attorney; (2) the attorney failed to exercise ordinary care, skill, and diligence; and (3) this failure was the proximate cause of damages to the

client. To establish proximate cause, the client must show that but for the attorney's error, the outcome would have been different; any lesser requirement would invite speculation and conjecture. The defendant attorney is entitled to summary judgment if he shows that there is an absence of proof adduced by the client on the issue of proximate cause.[1]

In the instant case, Millsaps attached to her complaint an expert affidavit of a divorce lawyer who declared that Kaufold's failure to file a notice of lis pendens at the time he filed the divorce action was a deviation from the standard of care owed to Millsaps, that his negligence failed to protect Millsaps' financial interests, that his failure allowed the former husband to obtain an additional loan against property in question, and that the direct result of such failure was that Millsaps suffered financial harm.

The record also contains the deposition of another domestic relations attorney who testified that Kaufold erred in failing to determine all the corporations involved in the divorce action. She testified that it is elementary practice to file a notice of lis pendens, which she does in every case, and that in her opinion it is malpractice per se not to file such a notice. When asked how Millsaps was damaged by Kaufold's errors, the expert witness testified that if Kaufold had protected the assets, the former husband never would have been able to milk money from the corporations or encumber the properties with additional loans.

In response to Kaufold's motion for summary judgment, Millsaps filed an affidavit from that same domestic relations attorney which reiterated her deposition testimony. In the affidavit, the attorney averred that Kaufold had breached the standard of care for domestic relations attorneys by, among other things, failing to identify corporations controlled by the former husband, failing to name such corporations as defendants in the divorce action and failing to file a notice of lis pendens against real estate owned by those corporations and the former husband. The attorney opined that Kaufold's errors were the proximate cause of financial damages suffered by Millsaps in the divorce. She stated that but for Kaufold's errors, the marital estate would not have been dissipated and Millsaps would have received substantially more assets than she did in the final decree.

In support of her opinion that Millsaps would have received a substantially larger award or settlement of marital assets, the attorney cited the sworn financial statement of the former husband

---

[1] (Punctuation and footnotes omitted.) *Holmes v. Peebles*, 251 Ga. App. 417, 419 (554 SE2d 566) (2001).

indicating that four months after the filing of the divorce action he had a net worth of over $2 million. Opining that marital estates are typically divided equally, the attorney reasoned that Millsaps and her former husband would have each gotten approximately $1 million of that property. However, because of Kaufold's failures to protect the value of the marital estate, the former husband was allowed to systematically dissipate the estate to the extent that when the divorce was finalized a year later, the total value of assets received by Millsaps was, at most, approximately $120,000, as claimed by Kaufold. Accordingly, as a proximate result of Kaufold's failure to protect the marital assets, the attorney concluded that Millsaps was damaged by at least $880,000.

Despite this expert testimony showing proximate cause of damages, Kaufold argues that Millsaps cannot show that the outcome of her divorce action would have been different but for Kaufold's errors since there is evidence, including the former husband's affidavit, that the former husband would not have entered into any settlement agreement other than that which resolved the divorce action. In support of this argument, Kaufold cites the case of *Hopkinson v. Labovitz*,[2] which affirmed a trial court's finding of no evidence of damages with, among other holdings, the following language.

> While Hopkinson introduced testimony that she would not have made the agreement she made if she had known her ex-husband's true income, Labovitz presented evidence that her ex-husband would not have settled for a higher amount than he did. Because it takes both parties to reach an agreement, she has not shown that she could have settled her divorce for higher alimony.[3]

*Hopkinson*, however, is materially different from, and does not control, the instant case. First, *Hopkinson* is not a legal malpractice case but is a fraud case. Moreover, unlike the instant case, it is not premised on a claim that a negligent lawyer did not properly protect marital assets by failing to identify various corporations controlled by the husband and failing to file a notice of lis pendens against certain properties. While evidence that an ex-husband would not have entered into a different settlement may have precluded a showing of damages in the fraud action at issue in *Hopkinson*, under the facts of the instant case, such evidence simply creates a genuine issue of material fact as to whether the outcome of the underlying divorce

---

[2] 263 Ga. App. 702 (589 SE2d 255) (2003).
[3] Id. at 706 (1) (b).

action would have been different but for the attorney's alleged errors in failing to protect various assets. Here, Millsaps' showing that Kaufold's alleged errors proximately caused damage to her is not based on mere speculation or conjecture, but is based on evidence sufficient to create a jury issue and survive summary judgment.[4]

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[5]

Because the affidavits, depositions and other evidence in the record reveal that there are genuine issues of material fact, the trial court erred in granting summary judgment to Kaufold. Accordingly, that summary judgment ruling must be reversed.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED OCTOBER 25, 2007 — ▉

*Stewart, Melvin & Frost, Frank Armstrong III, Nancy L. Richardson*, for appellant.
*Carr & Palmer, Emory L. Palmer*, for appellees.

---

[4] Compare *Szurovy v. Olderman*, 243 Ga. App. 449, 452-453 (530 SE2d 783) (2000) (claims of damages too speculative where no evidence of former husband's assets).
[5] (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).