**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2017**

# In the Court of Appeals of Georgia

A17A0661, A17A0662. BENSON et al. v. WARD;
and vice versa.

REESE, Judge.

Donald J. Ward filed a legal malpractice action against attorney Herbert W. Benson and his law firm, Herbert W. Benson, P. C. (collectively, "Benson"). The Superior Court of Tift County (the "trial court") denied both Benson's motion for summary judgment and Ward's motion for partial summary judgment. After the trial court denied Benson's motion for reconsideration, we granted his interlocutory application. Both parties appeal. For the reasons set forth, infra, we reverse the denial of Benson's summary judgment motion and dismiss the cross-appeal as moot.

After 32 years of marriage, Ward moved out of the marital home and, represented by Benson, filed a divorce action. After a bench trial, at which both Ward

and his ex-wife testified, the Superior Court of Cook County (the "divorce court") entered an order of divorce and final decree, which included a division of property. Ward sought review of the judgment, but the Supreme Court of Georgia remanded the case to the divorce court for a ruling on Ward's post-judgment motion for findings of fact. The divorce court amended its order on December 20, 2012, to include findings of fact and conclusions of law.

Ward filed the underlying malpractice action based on Benson's failure to file a timely application for appellate review of the amended order. Ward alleged that "[t]he overwhelmingly disproportionate division of the marital estate constituted an abuse of discretion" by the divorce court and that Benson's "error barred [Ward] from the opportunity to successfully appeal his case."

Benson moved for summary judgment, arguing that Ward's claim failed as a matter of law because he could not establish proximate cause in that he could neither prove that the Supreme Court would have found that the divorce court abused its discretion, nor that, if the Supreme Court had reversed the order of divorce, the divorce court on remand would have awarded him a greater share of the marital property. Ward filed a motion for partial summary judgment, asserting that, as a matter of law, he would have won his appeal based on the divorce court's erroneous

2

legal conclusions and findings of fact and the disproportionate weight it placed on Ward's alleged adultery.

The trial court denied both motions. In its order denying Ward's motion, the court stated "[t]he facts do not show that [Ward], on appeal, would have been successful in getting the case reversed at the Georgia Supreme Court, which is an essential element to the charges asserted in this case."

Benson sought reconsideration of the denial of his motion, arguing that this finding supported his argument that he was entitled to summary judgment. The trial court denied Benson's motion for reconsideration on the ground that it had construed the facts in favor of Benson when considering Ward's motion and construed the facts in favor of Ward when considering Benson's motion.

On appeal from the denial of summary judgment, we review the evidence de novo, construing all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant.[1]

> To prevail on a legal malpractice claim, a client must prove that (1) he employed the defendant attorney; (2) the attorney failed to exercise ordinary care, skill, and diligence; and (3) this failure was the proximate cause of damages to the client. To establish proximate cause, the client

---

[1] *Willis v. City of Atlanta*, 265 Ga. App. 640, 641 (2) (595 SE2d 339) (2004).

must show that but for the attorney's error, the outcome would have been different; any lesser requirement would invite speculation and conjecture. The defendant attorney is entitled to summary judgment if he shows that there is an absence of proof adduced by the client on the issue of proximate cause.[2]

With these guiding principles in mind, we turn now to Benson's and Ward's specific claims of error.

*Case No. A17A0661*

1. Benson argues that the trial court erred in denying his motion for summary judgment because Ward failed to show that the Supreme Court would have found that the divorce court abused its broad discretion in equitably dividing the marital assets. We agree.

The "determination of whether an appeal . . . would have been successful is a question of law, exclusively within the province of judges, and should [be] decided by the superior court in ruling on [Benson's] motion for summary judgment."[3] In considering whether the Supreme Court would have reversed the property division

---

[2] *Holmes v. Peebles*, 251 Ga. App. 417, 419 (554 SE2d 566) (2001) (punctuation and footnotes omitted).

[3] *Fine & Block v. Evans*, 201 Ga. App. 294, 295 (1) (411 SE2d 73) (1991) (citations omitted).

4

award had Benson perfected an appeal, we apply the same standard of review that would have been applied by that court.[4]

"The trial court's division of marital property will be upheld as long as it falls within the court's broad discretion, and the court's factual findings are reviewed using the 'any evidence' rule, under which a finding supported by any evidence must be upheld."[5] "In the appellate review of a bench trial, [the appellate court] will not set aside the trial court's factual findings unless they are clearly erroneous, and [the appellate court] properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses."[6]

In its amended order and final decree, the divorce court found that Mrs. Ward was entitled to a divorce on the three grounds alleged in her counterclaim: adultery by Ward; willful and continued desertion by Ward for the term of one year; and the

---

[4] See *Dow Chem. Co. v. Ogletree, Deakins &c.*, 237 Ga. App. 27, 30 (3) (514 SE2d 836) (1999) ("In considering [whether the Eleventh Circuit would have reversed had an attorney properly appealed], we apply the same standard of review that would have been applied by the Eleventh Circuit[.]").

[5] *Driver v. Driver*, 292 Ga. 800, 802 (2) (741 SE2d 631) (2013) (citations and punctuation omitted).

[6] *Wood v. Wood*, 283 Ga. 8 (655 SE2d 611) (2008) (citation and punctuation omitted).

marriage was irretrievably broken.[7] The trial court made detailed findings of fact, as follows: the parties had been married 34 years and did not have any assets when they married; Ward had contributed financially by cashing his weekly paychecks and putting some money in a drawer for groceries, but had kept the rest; Ward had supported his wife's decision to obtain advanced degrees by taking care of the then-minor children and home while she attended classes; Mrs. Ward had otherwise been the primary caregiver; she had paid the household bills and paid into her retirement fund continuously, while Ward chose not to have any retirement withheld from his paychecks; she had taken a number of trips paid for out of the marital bank account; Mrs. Ward had supported her husband during his one-year period of unemployment; she kept him on her health insurance during his recent battle with cancer; and she helped care for his ailing mother during the mother's final 18 months.

The divorce court additionally noted that the parties had fought over Ward's unfaithfulness and that, during the bench trial, Ward had relied upon the Fifth Amendment on cross-examination rather than answer whether he had committed adultery. The evidence showed, however, that in 2010, Ward had moved directly out of the marital home into the home of his girlfriend, with whom he continued to live

[7] See OCGA § 19-5-3 (6), (7), (13).

6

at the time of the bench trial. The divorce court added that one of the adult sons of the parties had testified that Ward had not been involved much with their family and that the other son did not desire contact with his father.

Ward called Mrs. Ward's sister to testify that she had visited the parties' home in the early 1990s and that Ward was an "excellent" father and "nice" husband who took care of the household and worked all the time. The court noted, however, that according to the sister's testimony, she had been divorced two times, had a strained relationship with Mrs. Ward, had had lunch with Ward and his girlfriend, and believed Ward had a "great relationship" with his sons. Finally, the court noted that members of the community had testified on behalf of Mrs. Ward's good reputation in the community and her truthfulness.

The divorce court then awarded Mrs. Ward the bulk of the marital estate, including the home, various tools and tractors, and the entirety of her retirement accounts.

We conclude that, as a matter of law, Ward failed to demonstrate that the divorce court abused its discretion and that the Supreme Court thus would have reversed the award but for Benson's error. Although Ward complained that the divorce court gave undue weight to his alleged adultery, the amended order indicates

7

that the court did consider "all the relevant factors" and did not improperly consider evidence of Ward's adultery.[8] "[E]ven though an adulterous spouse cannot obtain alimony, an equitable property division is still permissible. . . . However, where equitable division of property is in issue, the conduct of the parties, both during the marriage and with reference to the cause of the divorce, is relevant and admissible."[9]

Ward has not pointed to a single Georgia appellate case reversing an award based solely on the imbalance of the award. To the contrary, the divorce court, "sitting as trier of fact, was not required to award [Ward] *any* of the marital property."[10]

> [A]n equitable division of marital property does not necessarily mean an
> equal division. The purpose behind the doctrine of equitable division of

---

[8] See *Morrow v. Morrow*, 272 Ga. 557, 558 (532 SE2d 672) (2000) ("In determining the manner in which marital property is to be equitably divided, the fact-finder is authorized to exercise its discretion after considering all the relevant factors, including each party's contribution to the acquisition and maintenance of the property [which would include monetary contributions and contributions of a spouse as a homemaker], as well as the purpose and intent of the parties regarding the ownership of the property.") (citations omitted).

[9] *Peters v. Peters*, 248 Ga. 490, 491-492 (2) (283 SE2d 454) (1981) (citations omitted).

[10] See *Stanley v. Stanley*, 281 Ga. 672 (1) (642 SE2d 94) (2007) (citation omitted; emphasis supplied).

marital property is to assure that property accumulated during the marriage be fairly distributed between the parties. Each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein. Thus, an award is not erroneous simply because one party receives a seemingly greater share of the marital property.[11]

Moreover, some evidence existed in the record to support each of the court's factual findings.[12] Pretermitting whether the divorce court erred in its conclusion that Ward had "willfully deserted" Mrs. Ward for one year within the meaning of OCGA § 19-5-3 (7), any error was harmless with respect to the division of property. After listing desertion as a third ground for divorce, the divorce court elaborated that Ward had moved in with his girlfriend in 2010. As stated above, "the conduct of the parties, both during the marriage and with reference to the cause of the divorce, is relevant and admissible."[13] In the absence of a showing of abuse of discretion, Ward has failed

---

[11] *Wright v. Wright*, 277 Ga. 133, 134 (2) (587 SEd 600) (2003) (citations and punctuation omitted).

[12] See *Driver*, 292 Ga. at 803-804 (4) (despite claim that divorce decree contained numerous incorrect findings that affected the division of the marital estate, most of the disputed findings were supported by some evidence in the record, which is all that was required).

[13] *Peters*, 248 Ga. at 491-492 (2) (citations omitted). Cf. *Driver*, 292 Ga. at 804 (4) (concluding that, although the trial court clearly erred by misidentifying the

to show that the outcome of an appeal to the Supreme Court of Georgia would have been different.[14] Benson was thus entitled to summary judgment.[15]

2. In view of our holding in Division 1, supra, we need not address Benson's remaining claim of error.

*Case No. A17A0662*

3. In his cross-appeal, Ward argues that the divorce court made erroneous legal conclusions and findings of fact and that the Supreme Court would have found that the divorce court's division of the marital property constituted an abuse of discretion. Because we concluded in Division 1, supra, that the trial court erred by not granting summary judgment in favor of Benson, we need not address this argument on appeal. We thus dismiss the appeal in Case No. A17A0662 as moot.

*Judgment reversed in Case No. A17A0661. Case No. A17A0662 dismissed as moot. Miller, P. J., and Doyle, J., concur.*

---

source of the amount of a husband's 2010 income, the figure was supported elsewhere by the record and the error was thus harmless).

[14] See *Holmes*, 251 Ga. App. at 420 (3).

[15] See *Kidd v. Ga. Assn. of Educators*, 263 Ga. App. 171, 175 (587 SE2d 289) (2003).

10