**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 27, 2019**

# In the Court of Appeals of Georgia

A19A0082. EDWARDS v. MOORE et al.

MARKLE, Judge.

Audra Edwards brought this legal malpractice action against her divorce attorneys, Tracy Ann Moore d/b/a Tracy Ann Moore, P. C., and Banks & Stubbs, LLP n/k/a Banks, Stubbs & McFarland, LLP (collectively, "Defendants"), alleging that she was wrongfully denied alimony due to their negligent mishandling of her case. She appeals from the trial court's order granting summary judgment to Defendants and denying her motion for partial summary judgment as to Defendants' liability. Finding no error, we affirm.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all

> reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Grizzle v. Norsworthy*, 292 Ga. App. 303, 303-304 (664 SE2d 296) (2008).

In 2011, Edwards's marriage was struggling. She hired an attorney, who is not a party to this suit, to draft a separation agreement. Notably, the agreement provided that Edwards would receive monthly alimony in the amount of $2,800 "for so long as the parties are legally separated, or until May 1, 2026, whichever shall first occur." It also provided that it would be incorporated into the final divorce decree if the parties proceeded to divorce.[1] The separation agreement was executed in June 2011. Edwards's husband was not represented by independent counsel at the time the separation agreement was drafted or executed.

In March 2012, the separation agreement was approved and incorporated into a final judgment in Edwards's separate maintenance action. In October of that year,

---

[1] Specifically, the separation agreement provided that "in the event that either party shall bring or maintain an action for dissolution of the marital relationship, or for separate maintenance, this agreement shall be presented to the Court and incorporated by reference into any judgment or decree concerning the matters provided herein."

2

Edwards's husband filed for divorce.[2] During the pendency of the divorce action, Edwards hired new counsel, who is also not a party to this suit, to represent her.[3] That attorney filed Edwards's verified answer and counterclaims in August 2013. In her counterclaim, Edwards requested that the separation agreement be incorporated in the final divorce judgment because it resolved all the issues between the parties. Following the withdrawal of Edwards's second counsel, she retained Moore to represent her in the divorce.

Shortly thereafter, Moore filed Edwards's motion for judgment on the pleadings, contending that all of the issues in the divorce, including alimony, were resolved under the separation agreement. In April 2014, the parties filed a joint consent agreement for judgment on the pleadings, and the following day, the divorce court entered its final judgment and decree, incorporating the settlement agreement and granting the divorce.

---

[2] In his petition, Edwards's husband requested that the court determine alimony, despite seeking incorporation of the separation agreement to resolve other issues in the divorce, such as property division and the parenting plan.

[3] Edwards initially retained the attorney who drafted the separation agreement to represent her in the divorce, but terminated the representation when she hired new counsel.

Following the divorce, Edwards's former husband ceased paying alimony. He took the position that he was no longer obligated to pay alimony under the settlement agreement because the couple was no longer "legally separated." Moore filed Edwards's motion for contempt for nonpayment of alimony, but the divorce court denied the motion, finding that under the plain and unambiguous language of the alimony provision in the settlement agreement, the husband was relieved from paying alimony once the divorce was final. Moore then moved to modify the final judgment, but Edwards terminated Moore during the pendency of that motion and hired her current counsel shortly thereafter.

A year later, Edwards sued Moore and the two law firms Moore was affiliated with, bringing claims for legal malpractice, breach of fiduciary duty, breach of contract, and fraudulent concealment. An expert affidavit was attached to the complaint, pursuant to OCGA § 9-11-9.1. In the affidavit, the expert opined that Defendants breached the applicable standard of care by failing to recognize that the alimony provision in the settlement agreement was unfavorable to Edwards and by failing to pursue an alimony award before the divorce court. Defendants moved for summary judgment, and Edwards filed a cross-motion for partial summary judgment with respect to Defendants' liability on the malpractice claim. The trial court granted

4

Defendants' motion for summary judgment and denied Edwards's motion, finding that Edwards could not prove, as a matter of law, that Defendants proximately caused the cessation of her alimony, nor could she prove her damages. This appeal followed.

1. Edwards first argues that the trial court erred by granting Defendants' motion for summary judgment because it improperly concluded that the Settlement Agreement, as incorporated into the final divorce decree, precluded her from pursuing either alimony in her divorce or a modification of the amount in the future. In response, Defendants contend that Edwards cannot show that their acts were the proximate cause of damages to Edwards. We agree with Defendants.

> To prevail on a legal malpractice claim, a client must prove that (1) [s]he employed the defendant attorney; (2) the attorney failed to exercise ordinary care, skill, and diligence; and (3) this failure was the proximate cause of damages to the client. To establish proximate cause, the client must show that but for the attorney's error, the outcome would have been different; any lesser requirement would invite speculation and conjecture. The defendant attorney is entitled to summary judgment if [s]he shows that there is an absence of proof adduced by the client on the issue of proximate cause.

(Citation omitted.) *Benson v. Ward*, 343 Ga. App. 551, 552 (807 SE2d 471) (2017).

As to the first element, it is undisputed that Edwards employed Moore to represent her during the pendency of the divorce action. Pretermitting whether there is a question of fact as to Moore's alleged failure to exercise ordinary care, skill, and

5

diligence, Edwards has failed to establish a question of fact as to whether Moore's conduct caused her damages, which is fatal to her case. See *Perry v. Ossick*, 220 Ga. App. 26, 29 (467 SE2d 604) (1996).

Edwards's theory is that Moore should have amended the answer to assert a counterclaim for alimony and sought to reform the settlement agreement, which would have resulted in her obtaining alimony post-divorce. However, "[a] client suing [her] attorney for malpractice not only must prove that [her] claim was valid and would have resulted in a judgment in [her] favor, but also that said judgment would have been collectible in some amount, for therein lies the measure of [her] damages." (Citation omitted.) *Perry*, 220 Ga. App. at 29. Presupposing that the divorce court would have permitted a departure from the separation agreement, despite the incorporation clause providing that it would govern the terms of the final divorce, there is no evidence that Edwards would have succeeded on a counterclaim for alimony, nor is there evidence of what the measure of her damages would be.[4]

---

[4] Edwards appears to take the position that she would be entitled to the $2,800 monthly alimony payments until May 2026 under the separation agreement, even if the court permitted the parties to depart from or reform the agreement.

6

Edwards had no inherent right to alimony. "[A]limony is authorized, *but is not required*, to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay." (Emphasis supplied.) OCGA § 19-6-1 (c). Notably, other than a letter in which Edwards's former husband indicated that he could no longer sustain the child support and alimony payments, there is no evidence of her former husband's financial status, his annual income, or his assets that would support an award of alimony in her favor based on his ability to pay. See id.; cf. *Szurovy v. Olderman*, 243 Ga. App. 449, 452 (530 SE2d 783) (2000) (plaintiff could not show that, but for her counsel's actions, she could have negotiated a favorable alimony provision in a settlement agreement where there was no evidence of her former husband's financial status, income, or assets). Edwards thus cannot show that "but for [Defendants'] error, the outcome would have been different," and therefore has failed to establish proximate causation. (Citation omitted.) *Szurovy*, 243 Ga. App. at 451-452.

Moreover, Edwards's claim for damages is entirely speculative.[5] And "in the absence of any showing of harm, there is no evidence that any alleged negligence was the proximate cause of damage to the plaintiff." Id. at 452. Accordingly, we find no error in the trial court's grant of summary judgment to Defendants on Edwards's legal malpractice claim.[6]

2. In light of our holding in Division 1, Edwards's remaining enumeration regarding the trial court's denial of her motion for partial summary judgment as to Defendants' liability on the malpractice claim is without merit.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur.*

---

[5] Edwards's expert witness acknowledged that Edwards's damages are speculative under these circumstances. At his deposition, the expert was asked, "She wanted more, and Mr. Edwards wanted to pay less. Is there any way to know how that would have come out?" To which he responded, "No."

[6] Edwards did not enumerate as error the trial court's ruling on her other claims, and did not refer to them in her initial briefing, though she did raise them in her reply brief. However, "this Court will not consider arguments raised for the first time in a reply brief." (Citation omitted.) *Barron v. Wells Fargo Bank, N.A.*, 332 Ga. App. 180, 187 (4) (769 SE2d 830) (2015).