A01A2178, A01A2179. ROSS et al. v. EDWARDS; and vice versa.
(560 SE2d 343)

ANDREWS, Presiding Judge.

Alveno Ross, as executor of the estate of Alphonso Ross, and other plaintiffs brought an action claiming a local landfill constituted a nuisance. After a jury rendered a verdict in favor of the landfill defendants finding no nuisance and awarding no damages, Ross and the other losing plaintiffs (collectively referred to as Ross) brought the present legal malpractice action against Lonzy Edwards, the attorney who represented them in the nuisance action. The trial court granted summary judgment in favor of Edwards concluding Ross failed to show that any alleged failure by Edwards proximately caused the claimed harm, and that there was no basis for the additional claim that Edwards defrauded Ross. In Case No. A01A2178, Ross appeals from the grant of summary judgment, and in Case No. A01A2179, Edwards cross-appeals from the trial court's earlier denial of his motion to dismiss. For the following reasons, we affirm the trial court's grant of summary judgment.

### Case No. A01A2178

1. The gravamen of Ross's legal malpractice claim is that Edwards negligently failed to present expert engineering testimony during the nuisance trial and that this failure caused the adverse verdict and the loss of his claim for damages caused by the alleged nuisance. To establish this claim, Ross must prove not only that the attorney he employed was negligent but also that this negligence was the proximate cause of the claimed harm. *Szurovy v. Olderman*, 243 Ga. App. 449, 451 (530 SE2d 783) (2000). In other words, assuming without deciding that Edwards was negligent, Ross must show that, but for this negligence, he would have won a plaintiff's verdict on the nuisance claim and would have received an award of damages. *Morris v. Atlanta Legal Aid Society*, 222 Ga. App. 62, 65 (473 SE2d 501) (1996); *Houston v. Surrett*, 222 Ga. App. 207, 209 (474 SE2d 39) (1996).

In awarding summary judgment to Edwards, the trial court found that it need not address the negligence issue because, even if there was evidence of negligence and this negligence caused the adverse verdict on the nuisance claim, there was an absence of evidence that Ross suffered any damages which could have supported an award by the jury. As the trial court pointed out and Ross concedes on appeal, there is no evidence of medical damages or diminution in property values, but Ross argues that evidence was presented as to the nature of the nuisance which shows that he would have been entitled to an award of damages for loss of enjoyment of the

property and annoyance and discomfort caused by the alleged nuisance. See *City of Columbus v. Myszka*, 246 Ga. 571, 573 (272 SE2d 302) (1980).

We need not resolve the damage issue to conclude that Ross failed to sustain his burden on the issue of proximate cause. Ross presented expert testimony from an attorney that Edwards was negligent in failing to present expert engineering testimony in support of the nuisance claim and that the outcome of the trial would have been different if he had done so. However, Ross produced no evidence that an engineer could have given testimony that would have changed the result of the trial. In the absence of expert testimony from an engineer, Ross failed to show that, but for the failure of Edwards to present this testimony, the jury would have found the landfill was a nuisance. An opinion by an attorney that Ross would have prevailed in the nuisance trial if expert engineering testimony had been presented by Edwards does not establish that any such testimony was available or what it would have shown. In a case of this type, an attorney could consider expert opinion testimony given by an engineer and give an expert legal opinion that, if this engineering testimony had been presented in the underlying nuisance trial, it would have provided the evidence necessary for the jury to render a different verdict. But without expert engineering testimony to place in the context of the evidence produced in the nuisance trial, an attorney's opinion that an engineer's testimony would have produced a different verdict is pure conjecture and establishes nothing. It follows that the trial court was right, although for a different reason, in concluding there was an absence of evidence necessary to establish that the alleged negligence caused the harm. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. The trial court also correctly granted summary judgment to Edwards on the claim that he defrauded Ross by representing that he would present expert engineering testimony, then failing to do so, by failing to timely inform him that the defendants had made a settlement offer of $50,000, and by failing to make a counteroffer to settle for $5,000,000. On appeal Ross combines these complaints to argue that he was defrauded when he rejected the $50,000 settlement offer in reliance upon a statement by Edwards that the case was worth $5,000,000 and that he would present expert testimony to prove it.

Ross conceded that Edwards never assured him that he was going to produce expert testimony at the nuisance trial. He testified that he assumed Edwards would do so when he hired an expert prior to trial. As to the settlement offer, the record shows that when Edwards told Ross about the $50,000 offer, Ross rejected it as "an insult" stating that he wanted $15,000,000 but eventually lowering

his demand to $2,000,000. Moreover, the record shows that the settlement offer was conditioned on Ross obtaining an agreement from a nonparty neighborhood association that it would not proceed with litigation over the landfill. As to the counteroffer, Ross said he expected Edwards to make a counteroffer to settle for $5,000,000 based on a comment by Edwards that it looked like there were "two zeros missing" from the defendants' offer.

There is no basis for concluding that Edwards made misrepresentations concerning expert testimony or settlement of the case, nor is there any evidence that Edwards fraudulently induced Ross to reject the $50,000 settlement offer. To the contrary, Ross categorically rejected the $50,000 settlement offer when he was informed of it, and even if he had wanted to accept it, he never produced evidence that he satisfied the condition precedent in the offer regarding the neighborhood association.

### Case No. A01A2179

3. In light of the holding in Case No. A01A2178, Edwards's cross-appeal is dismissed as moot.

*Judgment affirmed in Case No. A01A2178 and dismissed as moot in Case No. A01A2179. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 15, 2002 —

*Ballard, Stephenson & Waters, Eugene D. Butt,* for appellants.
*Edwards & Youmas, Lonzy F. Edwards,* pro se.