A03A2400, A03A2401. BLACKWELL et al. v. POTTS et al.; and vice versa.

(598 SE2d 1)

SMITH, Chief Judge.

These appeals arise out of the trial court's order denying summary judgment to the defendants in a legal malpractice case but granting the defendants' motion in limine. The effect of the trial court's order was to prohibit the plaintiffs from introducing expert testimony related to the issue of whether, but for the defendants' negligence, the plaintiffs would have prevailed in their underlying medical malpractice action. Although we conclude that the trial court correctly denied summary judgment to the defendant-attorneys, we also conclude that the trial court abused its discretion in granting the defendants' motion in limine.

Rita and James Blackwell filed a medical malpractice action against Shirley Goodwin, a nurse, and others alleging that Goodwin improperly administered an injection to Rita Blackwell. The alleged injury occurred on April 15, 1991. Thomas C. Blaska filed the action in March 1993 and represented the Blackwells for more than four years. Upon mutual agreement between the Blackwells and Blaska in August 1996, Blaska withdrew from representation.[1] The Blackwells subsequently retained defendants James Hugh Potts II and Shandor S. Badaruddin and their law firm, who entered an appearance in the medical malpractice case in November 1996. The case was stipulated to the next available trial calendar, which was scheduled for January 6, 1997. On January 2, 1997, on behalf of the Blackwells, Potts and Badaruddin filed a motion for continuance and to specially set the case for trial, on the ground that they needed more time to secure the attendance of certain named expert witnesses. They also moved "to extend or reopen the period during which the court's compulsory process may be invoked to compel discovery."

The trial court held a pretrial conference on January 8, at which Potts announced not ready for trial and again requested a continuance and leave to reopen discovery. The trial court denied the motions. The court instructed Potts that he could try the case, settle it, or agree to have the case placed on the inactive docket for 90 days. According to Potts's affidavit later submitted in support of a motion to set aside, the trial court "further advised that she understood new counsel had been recently retained, but that if the case was not ready for trial they should 'dismiss and refile so that you can get your ducks

---

[1] The Blackwells alleged in their complaint in this case that they were "dissatisfied with the lengthy period of time it was taking the case to be assigned to a jury trial calendar."

in a row.' " The parties did not settle the case, and defense counsel objected to placing the case on the inactive docket. Potts and Badaruddin followed the trial court's suggestion. They dismissed the case and refiled it March 5, 1997.

Upon refiling the action, however, Potts and Badaruddin met a circumstance the Blackwells correctly characterize as "an insurmountable hurdle." Rita Blackwell's alleged injury occurred April 15, 1991, and the five-year statute of repose barred any filing or refiling of a complaint attempting to assert her claims after April 15, 1996. OCGA § 9-3-71 (b). The trial court dismissed the renewed action.[2] Potts and Badaruddin filed a motion under OCGA § 9-11-60 (d) (2) to set aside their voluntary dismissal, arguing that they "were denied a continuance and dismissed as a result of the trial court's erroneous theory that the medical malpractice claim could be dismissed and refiled."

The trial court denied the motion, stating that at the time Potts sought a continuance in order to secure more evidence, Potts "did not adequately explain or establish a legal basis for requesting the continuance." The court's order further recites in relevant part:

> It is the common practice of this Court not to advise, instruct or direct counsel on how to handle their cases. Once a case has been stipulated to the trial calendar, however, it is the practice of this Court to inquire as to whether counsel are ready for trial, as it is presumed that once a case is stipulated to the trial calendar, it is, in fact, ready for trial. If it appears that counsel are not ready for trial, the Court will entertain a motion for continuance if there is a justifiable reason that is adequately explained to the Court as to why the case should not, in the interest of justice, go forward. . . . At the time of the pre-trial conference on January 8, 1997, Plaintiffs' counsel did not verbally inform the Court of the date when this cause of action arose, and Plaintiffs' counsel failed to make the Court aware of any "special problems" relating to the statute of repose being a bar to Plaintiffs' claims. The Court finds that Plaintiffs' counsel had the duty to inform the Court concerning all relevant facts in the case.

The court concluded that OCGA § 9-11-60 (d) (2) was inapplicable because no judgment had been issued. Instead, the court found that

---

[2] The judgment of dismissal was affirmed in *Blackwell v. Goodwin*, 236 Ga. App. 861 (513 SE2d 542) (1999).

Plaintiffs' counsel, acting of his own volition, dismissed this action irrespective of the fact that the statute of repose had expired. Therefore, Plaintiffs' attempt to reinstate the action nearly two (2) months after [they] dismissed it without prejudice is of no consequence because the statute of repose provides the suit must be brought within five (5) years.

The Blackwells filed this legal malpractice action against Potts and Badaruddin, alleging that they deviated from the applicable standard of care "by filing a voluntary dismissal based upon the erroneous and negligent assumption the case could be re-filed, thereby causing the permanent and irretrievable loss of Plaintiffs' case." They similarly alleged that Potts and Badaruddin committed legal malpractice "by voluntarily dismissing a case without first conducting the research necessary to confirm that the case could be re-filed and that the statute of repose . . . would not be violated."

During the course of discovery in this action, the Blackwells obtained the expert services of Dr. James R. Merikangas, who testified during his deposition that Goodwin breached the standard of care by injecting Rita Blackwell "in the wrong area of the buttock" and that this resulted in "Ms. Blackwell's chronic pain, the stress, depression, loss of consortium, employment, and other damages that flow from that."[3] Potts and Badaruddin also utilized an expert, Dr. Arlan Avrom Cohen. Although Dr. Cohen testified that the injection probably was not given in the wrong place, he also stated that it "started the cascade of events that has left her where she is now." In addition to being a physician, Dr. Cohen is a practicing plaintiffs' medical malpractice attorney. He testified that Potts and Badaruddin made a "major error" in "taking on a case this complex so close to the pretrial conference, but, having taken it on, they had an obligation to do an appropriate review and understand the defects in the case." He further testified that they should have "found better experts," as this "would be required by the standard of care."

Potts and Badaruddin filed a motion for summary judgment and a motion in limine seeking to exclude the testimony of Dr. Merikangas and Dr. Cohen. In the latter motion, they argued that

it is imperative no new medical evidence be admitted because any such evidence is irrelevant to the only issue material to this case, namely the sufficiency of the file *as it was inherited by Potts & Badaruddin six weeks before trial.* OCGA § 24-2-1.

---

[3] We note that in support of his opinion, Dr. Merikangas relied on at least one medical text that was in print at the time of Blackwell's injury.

It is *that* case the plaintiff must win. Other evidence was unavailable during the only time period relevant to this trial about the standard of care followed by Potts. [Cit.]

They similarly argued in their motion for summary judgment that "[t]here was insufficient evidence to win the case for Plaintiff when Potts dismissed."[4] They argued that they did not commit malpractice, because "Potts tried to salvage this case while constrained both by time pressure imposed by the court and by the weakness of the evidentiary file he inherited. In this case, acting upon the judge's suggestion to arrange more time and evidence was not malpractice."

Although the trial court denied the motion for summary judgment, it granted the motion in limine, stating that the "case must be judged on the circumstances of the case as it existed at the time the defendants represented the plaintiffs." The court's order further recites that "[t]he trial court's order dated July 17, 1997, indicates that at a pre-trial conference on January 8, 1997, the Court denied defense counsel's motion to take another doctor's deposition. Therefore the defendants had no opportunity to add additional experts to the case they inherited." We granted the application for interlocutory appeal filed by the Blackwells. In Case No. A03A2400, the Blackwells appeal from the order granting the motion in limine. In Case No. A03A2401, Potts and Badaruddin appeal from the denial of their motion for summary judgment.

### Case No. A03A2400

1. We first address the Blackwells' contention that the trial court erroneously excluded the testimony of Dr. Merikangas and Dr. Cohen. We review this ruling under an abuse of discretion standard. *C & F Svcs., Inc. v. First Southern Bank*, 258 Ga. App. 71, 75 (1) (573 SE2d 102) (2002). To prevail in a legal malpractice action, a plaintiff must show that "the attorney he employed was negligent" and "that this negligence was the proximate cause of the claimed harm. [Cit.]" *Ross v. Edwards*, 253 Ga. App. 773 (1) (560 SE2d 343) (2002). The plaintiff must show that, but for the attorney's negligence in the underlying case, the plaintiff would have prevailed. Id. The Blackwells seek to introduce into evidence expert testimony from which a jury might conclude that, but for the negligence of Potts and Badaruddin, the Blackwells would have prevailed in the underlying medical malpractice action.

---

[4] In the same brief, Potts and Badaruddin argued that if the trial court had "ruled correctly" on their motion to set aside, the Blackwells "would not have lost their claim."

By granting the defendants' motion in limine, as stated by the Blackwells in their appellate brief, the court has effectively restricted them "solely to the evidence developed in the underlying case." The defendants' own expert testified that they should have obtained more suitable experts. Under the rule created by the trial court's order, as argued by the Blackwells, Potts and Badaruddin have been rewarded for "failing to obtain the additional expert testimony in the first instance."

On a broader scale, it is conceivable that under this rule, any attorney could avoid liability by intentionally or negligently failing to develop a record. In the event of a legal malpractice action against such an attorney, the defendant-attorney could then prevail simply by relying on the sparse record occasioned by his or her own action or inaction. We find no authority for such a rule. In fact, in *Ross*, we at least implicitly sanctioned the use of evidence found outside the record of the underlying action.

The plaintiff in *Ross* filed a legal malpractice action against the attorney who had previously represented him as a plaintiff in a nuisance case. Id. at 773. In affirming the trial court's grant of summary judgment to the defendant-attorney in the legal malpractice action, we noted that the plaintiff in the legal malpractice action had presented expert testimony from another attorney that the defendant-attorney "was negligent in failing to present expert engineering testimony in support of the nuisance claim and that the outcome of the trial would have been different if he had done so." Id. at 774 (1). But the plaintiff had *not* presented "evidence that an engineer could have given testimony that would have changed the result of the trial. In the absence of expert testimony from an engineer, [the plaintiff] failed to show that, but for the failure of [the defendant] to present this testimony, the jury would have found the landfill was a nuisance." Id. We concluded that proper expert testimony would have made a difference in our decision. We stated:

> In a case of this type, an attorney could consider expert opinion testimony given by an engineer and give an expert legal opinion that, if this engineering testimony had been presented in the underlying nuisance trial, it would have provided the evidence necessary for the jury to render a different verdict. But without expert engineering testimony to place in the context of the evidence produced in the nuisance trial, an attorney's opinion that an engineer's testimony would have produced a different verdict is pure conjecture and establishes nothing.

Id.

In contrast to the facts of *Ross,* the Blackwells have identified two experts who could provide testimony on the crucial issue of whether they could have prevailed in the underlying action. Potts and Badaruddin appear to argue that under *Ross,* because these experts were not actually "on hand" at the time the medical malpractice trial was scheduled to begin, their testimony cannot be considered in this legal malpractice action. But *Ross* does *not* hold that the only experts who may testify in a legal malpractice claim are those who were directly identified or retained in the underlying case. As pointed out by the Blackwells,

> *Ross* is completely silent as to whether the engineer/expert had to be identified in the underlying case for his or her testimony to be admitted in the legal malpractice action. Its holding is simply that an attorney's opinion that the hypo-thetical existence of such an expert would have led to a different result is insufficient to sustain the [plaintiff's] burden in the legal malpractice case. Here, conversely, the Blackwells . . . have actually obtained the expert testimony that was conspicuously missing in *Ross.*

It is true that the trial court in the underlying medical malprac-tice claim ruled that it would not allow the plaintiffs to present the testimony of one particular witness, an economics expert. But as noted by the trial court in its order denying the motion to set aside filed by Potts and Badaruddin, at the time of the pretrial conference, the trial court had not been made aware of any "special problems," particularly problems associated with the statute of repose. The trial court did not force Potts and Badaruddin to dismiss the medical malpractice case but rather only suggested that they do so. Potts and Badaruddin made the final decision to pursue this strategy, appar-ently without determining whether the statute of repose or any other legal theory militated against this decision. They did not make all necessary facts known to the trial court, and they cannot blame the trial court for their own inattentiveness.

The circumstances of this case are unusual. If Blaska had continued to represent the Blackwells in the medical malpractice case, Blaska may or may not have attempted to introduce medical evidence similar to that the Blackwells now seek to have admitted. Also, even if Potts and Badaruddin had realized that the statute of repose would bar the refiling of a complaint and had so informed the trial court, we cannot make any presumptions about how the court may have ruled with regard to their motion to reopen discovery.

We recognize that arguably, under our ruling in this case, the Blackwells are receiving a "windfall"; we are allowing them to

introduce evidence that may or may not have been introduced in the underlying medical malpractice case. Even so, we must also recognize that by proposing a rule that would restrict plaintiffs in legal malpractice actions to the record in the underlying case, Potts and Badaruddin are attempting to make impossible the already difficult task of showing that, but for the negligence of their attorneys, plaintiffs would have prevailed in the underlying action. We are not willing to impose this burden on legal malpractice plaintiffs.

Even under the unusual circumstances of this case, we hold that the trial court abused its discretion in concluding that the Blackwells were categorically restricted to the evidence already in the record at the time Potts and Badaruddin represented them and in granting the defendants' motion in limine on this basis. We therefore reverse the judgment appealed from in Case No. A03A2400.

### Case No. A03A2401

2. Potts and Badaruddin argue that the trial court erroneously denied their motion for summary judgment. It is axiomatic that summary judgment is appropriate only when no genuine issues of material fact exist and when those facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). Potts and Badaruddin contend that they were entitled to summary judgment because the file they inherited in the medical malpractice action contained "*no* medical causation expert testimony." But expert testimony *was* presented in the medical malpractice case that Goodwin failed to administer the injection at the proper site and that she deviated from the applicable standard of care. Furthermore, regardless of the status of the medical malpractice case file when it was received by Potts and Badaruddin, given our holding in Division 1, some evidence was presented in the legal malpractice action through the deposition testimony of Dr. Merikangas and Dr. Cohen that, but for the defendants' negligence, the Blackwells would have prevailed in the medical malpractice action. The trial court therefore correctly denied summary judgment to Potts and Badaruddin.

*Judgment reversed in Case No. A03A2400. Judgment affirmed in Case No. A03A2401. Ruffin, P. J., and Adams, J., concur. Miller, J., disqualified.*

DECIDED FEBRUARY 17, 2004 —
RECONSIDERATION DENIED APRIL 1, 2004 — ▮▮▮▮▮

*Jones, Jensen & Harris, Taylor W. Jones, Jenny E. Jensen, Richard E. Harris, Bird & Mabrey, William Q. Bird*, for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., John S. Berry*, for appellees.