A06A0272. WHISPER WEAR, INC. v. MORGAN.

(627 SE2d 178)

JOHNSON, Presiding Judge.

Whisper Wear, Inc. is a breast pump manufacturer. Whisper Wear hired James Chatwin to obtain photographs of a model for use in its marketing campaign. The breast pump manufacturer instructed Chatwin to hire a model who would not seek usage fees, assumed Chatwin would take care of the necessary releases, and assumed it would get "full, exclusive, unrestrained use" of the photographs it purchased. Chatwin contacted Arlene Wilson Management ("AWM"), a model and talent agency. AWM provided Tiffany Morgan, a professional model.

On the day of the photo shoot, Morgan brought a voucher with her. A voucher is a contract, release and invoice signed by the model and the client. Chatwin and Morgan signed the voucher, and Morgan signed a separate general release given to her by Chatwin. The voucher stated that Chatwin would pay $100 for the photographs of Morgan. It specified that the use of the photographs for billboards, national advertising, the internet, and a few other areas had to be pre-negotiated with AWM. The voucher stated in capital letters as follows:

THIS RELEASE TAKES PRECEDENCE OVER ANY OTHER RELEASE SIGNED AT THE TIME OF THE JOB WITH THE EXCEPTION OF CONTRACTS AND AGENCY RELEASES THAT CONTAIN ONLY THE SAME INFORMATION HEREIN.

The separate release signed by Morgan gave Chatwin "the irrevocable right to use [Morgan's] name (or any fictional name),

picture, portrait, or photograph in all forms and in all media and in all manners . . . for advertising, trade, promotion, exhibition, or any other lawful purposes." The release further provided: "I agree that [Chatwin] owns the copyright in these photographs and I hereby waive any claims I may have based on any usage of the photographs . . . including but not limited to claims for either invasion of privacy or libel." Whisper Wear subsequently paid Chatwin for the photographs and was under the impression that it had purchased the right to use the photographs in its marketing. However, it is undisputed that Whisper Wear used the photographs in a manner that was not authorized under the voucher signed by Chatwin and Morgan.

On November 25, 2002, Morgan, through AWM, contacted Chatwin regarding improper use of the photographs taken on November 14, 2002. According to AWM, Chatwin informed the company that the photographs would not be used by Whisper Wear or any other client. He told AWM that the pictures would be destroyed and Whisper Wear would be hiring another model for the photographs. Chatwin contacted Whisper Wear, but told the company not to worry about the problem.

The photographs were used by Whisper Wear in national advertising campaigns, including internet ads on the Whisper Wear homepage and advertisements which ran in nationally circulated magazines. Whisper Wear claims it did not receive notice of any problem with the photographs until May 29, 2003, and even then there was no demand that it stop using the photographs. On May 29, 2003, AWM contacted Whisper Wear regarding the improper use of the photographs. A Whisper Wear agent stated the advertisements were already placed, and the advertisements continued to run until Morgan filed a lawsuit against Whisper Wear and Chatwin. The lawsuit alleged breach of contract, fraud, rescission and misappropriation. Chatwin and Morgan settled.

The case proceeded to trial solely on the claim of misappropriation against Whisper Wear. The jury awarded Morgan $25,000 for misappropriation and $10,000 in attorney fees. The trial court directed a verdict for Whisper Wear on the attorney fees, finding that the record demonstrated a bona fide controversy, but denied Whisper Wear's motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial on the misappropriation claim. Whisper Wear appeals the trial court's denial of its motions. We find no error and affirm the trial court's denial of Whisper Wear's motions.

The standards for granting a directed verdict or j.n.o.v. are identical: there must be no conflict in the evidence as to any material

issue such that the evidence, with all reasonable deductions therefrom, demands a particular verdict.[1] If the evidence is conflicting, or if insufficient evidence exists to make a "one-way" verdict proper, a directed verdict or j.n.o.v. should not be granted.[2] Moreover, we must review and resolve the evidence and any doubts or ambiguities in favor of the verdict.[3] Clearly, the case before us involves conflicting evidence of competing forms: the voucher and the release. Whisper Wear contends that Morgan's sole remedy is against Chatwin for breach of contract. Whisper Wear further contends that the release supersedes the voucher, despite specific language to the contrary in the voucher. Both contentions lack merit.

1. Whisper Wear argues that the trial court erred in failing to grant its motion for a directed verdict or j.n.o.v. because, as a matter of law, Morgan transferred her rights to Chatwin. According to Whisper Wear, any claims involving a breach of the contract between Chatwin and Morgan can be remedied by action solely against Chatwin. While this argument may be true if the case before us was a case for breach of contract, it is undisputed that Chatwin and Morgan settled the breach of contract claim prior to trial and that the case before us proceeded to trial solely on the misappropriation claim against Whisper Wear.

Morgan claims Whisper Wear violated her right to privacy by misappropriating her likeness. This Court has recognized that the appropriation of another's identity, picture, papers, name or signature without consent and for financial gain is a tort for which an action lies on the theory that it constitutes an invasion of a property right, or an invasion of privacy.[4] Thus, contrary to Whisper Wear's argument, Morgan filed a valid claim against Whisper Wear. It was Whisper Wear's duty to ascertain what rights the company possessed with regard to Morgan's photographs. If Whisper Wear was misled by Chatwin, then Whisper Wear may have a cause of action against Chatwin, but that cause of action does not affect Morgan's right to sue Whisper Wear for misappropriating her likeness.

This Court will not disturb a verdict when there is any evidence in the record to sustain it, or where there is a conflict in the evidence.[5] Here, there is evidence which supports the verdict. The voucher

---

[1] See *Barnett Bank of Southeast Ga. v. Hazel*, 251 Ga. App. 836 (1) (555 SE2d 195) (2001).

[2] *McEntyre v. Edwards*, 261 Ga. App. 843, 844 (1) (583 SE2d 889) (2003).

[3] Id.

[4] See *Martin Luther King, Jr. Center for Social Change v. American Heritage Products*, 250 Ga. 135, 138 (1) (296 SE2d 697) (1982); *McQueen v. Wilson*, 117 Ga. App. 488, 492 (3) (161 SE2d 63) (1968), rev'd on other grounds, *Wilson v. McQueen*, 224 Ga. 420 (162 SE2d 313) (1968); *Cabaniss v. Hipsley*, 114 Ga. App. 367, 377-380 (4) (151 SE2d 496) (1966).

[5] See *Menendez v. Ellis*, 149 Ga. App. 684 (255 SE2d 70) (1979).

signed by Chatwin and Morgan contained a supremacy clause and expressly forbade the use of Morgan's photographs for commercial purposes without further negotiation. Yet, it is undisputed that Whisper Wear used Morgan's photographs for commercial purposes. The trial court properly denied Whisper Wear's motion for directed verdict or j.n.o.v.

2. Whisper Wear contends the trial court erred in failing to grant its motion for a directed verdict or motion for j.n.o.v. because Morgan executed a valid and binding release which precluded Morgan from bringing a claim for invasion of privacy. Whisper Wear argues that since the broad release was signed at the same time as the voucher, it is clear that Chatwin's intention at the time both he and Morgan signed the documents was that his release not be superseded by the voucher. We disagree.

Whisper Wear focuses on the release, but totally disregards the signed voucher and its supremacy clause, and a motion for a directed verdict or motion for j.n.o.v. cannot be granted in the face of conflicting evidence. It is clearly the jury's duty to determine which of the conflicting forms rules the case.[6] The jury did this, and obviously found that the voucher superseded the release. The evidence at trial showed that Morgan modeled under a signed voucher specifically stating that Whisper Wear did not have permission to use the photographs commercially. Whisper Wear, nevertheless, used the photographs in a national advertising campaign and on the internet without seeking permission from or compensating Morgan. The trial court did not err in denying Whisper Wear's motions.

3. Whisper Wear contends the trial court erred in failing to grant its motion for j.n.o.v. or motion for new trial because the damages awarded were so excessive as to be inconsistent with the preponderance of the evidence. We again must disagree.

The measure of damages under a misappropriation of likeness claim is the advertising value of the use of the material in the manner and for the time it was appropriated.[7] In other words, the claim is for unjust enrichment of the defendant.[8] In a claim for unjust enrichment, "[t]he provider of the services may recover their reasonable value, but value is defined in terms of value to the recipient."[9]

Whisper Wear admits Morgan's agent testified at trial that based on the information provided by Whisper Wear regarding usage, the value of Morgan's image as used was $34,000, including a 20 percent

---

[6] See generally id.

[7] *McQueen*, supra at 492 (3).

[8] *Cabaniss*, supra at 381 (5).

[9] (Punctuation and footnote omitted.) *Jackson v. Ford*, 252 Ga. App. 304, 308 (1) (d) (555 SE2d 143) (2001).

agency fee. However, Whisper Wear attempts in its appellate brief to show that this figure was inaccurate. Whisper Wear cites the fact that Morgan's agent may have added an amount for pain and suffering. Whisper Wear also cites the fact that prior to November 2002, Morgan had never been paid more than $1,200 for any job, and that subsequent to November 2002, Morgan did not receive more than $4,500 for two years unlimited usage of multiple images.

Despite Whisper Wear's arguments, the record supports the jury's verdict. The director of AWM testified that the total value of Morgan's image in the Whisper Wear national advertising campaign and on its internet site totaled approximately $34,000. The witness testified that this figure was amassed based on where the ads ran, the number of ads, the placement of ads, the session time, website usage, and agency fees. The jury awarded Morgan $25,000. The trial court did not err in denying Whisper Wear's motion for j.n.o.v. or motion for new trial on this ground.

4. Morgan's motion for frivolous appeal is hereby denied. As the trial court found when granting Whisper Wear's motion for a directed verdict on the attorney fees awarded by the jury, this case involved a bona fide controversy.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 14, 2006 — 

*Isenberg & Hewitt, Ryan L. Isenberg*, for appellant.
*Adam S. Jaffe, Lynley R. Rothstein*, for appellee.