A11A2073. TIDWELL et al. v. HINTON & POWELL et al.

(726 SE2d 652)

DOYLE, Presiding Judge.

This interlocutory appeal arises from the trial court's exclusion of expert testimony in a legal malpractice action. For the reasons that follow, we reverse and remand.

Following the death of their son on a Coweta County school bus, Bobby and Lillie Tidwell hired attorney Jack Hinton of Hinton & Powell ("Hinton") to represent them in a wrongful death action. Hinton filed suit against the Coweta County Board of Education, but later discovered that only the school district — not the board of education — has the capacity to be sued. Rather than adding the school district as a defendant, Hinton dismissed the suit. A few months later, he filed a renewal action against the school board, then tried to add the school district as a party. By that point, however, the statute of limitation had run against the school district, which was never named in the original action, and the Tidwells' wrongful death claim was barred.[1]

The Tidwells subsequently sued Hinton for legal malpractice. Hinton admitted that he acted negligently in the wrongful death case, but challenged the allegation that his negligence proximately caused any damage to the Tidwells. To prove causation, the Tidwells planned to offer expert testimony from an experienced attorney that "to a reasonable degree of professional certainty, a procedurally correct presentation of the facts would have resulted" in a plaintiffs' verdict exceeding $500,000.

Thereafter, Hinton filed a motion in limine to exclude this testimony before trial, arguing that it was unnecessary and went to the ultimate issue in the case. The trial court agreed. The court concluded "that in a legal malpractice action[,] the 'case-within-a-case' mechanism allows jurors to answer the questions of whether negligence by an attorney has proximately caused damage to the plaintiff and[,] if so, how much damage it caused." The court also found that expert testimony regarding what a jury would have done in the wrongful death case amounted to "rank speculation and conjecture." Ultimately, the trial court determined that "it would be improper to allow [the Tidwells' expert] to offer an opinion on whether the jury would have returned a verdict in favor of [the] Plaintiffs if the underlying case had been tried or to offer an opinion on what the size

---

[1] See generally *Tidwell v. Coweta County Bd. of Ed.*, 240 Ga. App. 55 (521 SE2d 889) (1999).

of any verdict would have been." The trial court excluded the testimony, but issued a certificate of immediate review, and this interlocutory appeal followed.

In a legal malpractice action, the plaintiff must establish three elements: (1) that the defendant attorney was employed by the plaintiff; (2) that the attorney failed to exercise ordinary care, skill, and diligence; and (3) that the lack of care proximately caused the plaintiff damage.[2] As noted above, Hinton does not dispute the first two elements, leaving for resolution at trial only the question of proximate cause. The third element requires evidence that "but for the attorney's error, the outcome would have been different."[3] The Tidwells sought to prove the required causation and harm through expert legal testimony.

Generally, a trial court has broad discretion in deciding the admissibility of expert testimony.[4] But in this case, the court did not evaluate the merits of the proffered opinion evidence. Instead, it simply concluded that as a matter of law expert causation testimony is categorically unnecessary and improper in a legal malpractice action, and we therefore review for plain legal error.[5] In *Johnson v. Leibel*,[6] this Court held that

> expert testimony is admissible to prove proximate cause in those legal malpractice cases in which a lay person could not competently determine whether or not the negligence of the attorney proximately caused the plaintiff's damages, i.e., whether or not the plaintiff would have prevailed in the underlying action. . . . [T]his holding comports with the pattern jury instruction in legal malpractice cases entitled, "Skill Required of Attorney," which provides in pertinent part that "A client suing his/her attorney in a case not only must prove by expert legal testimony that the claim was valid and would have resulted in a judgment in the client's favor, but also that the judgment would have been collectible in some amount. . . ." Then, . . . the defendant may present

---

[2] See *Szurovy v. Olderman*, 243 Ga. App. 449, 451 (530 SE2d 783) (2000).

[3] (Punctuation omitted.) Id. at 452.

[4] See *Blackwell v. Potts*, 266 Ga. App. 702, 705 (1) (598 SE2d 1) (2004).

[5] See *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[6] 307 Ga. App. 32 (703 SE2d 702) (2010) cert. granted, *Leibel v. Johnson*, 291 Ga. 180 (728 SE2d 554) (2012).

opposing expert legal testimony, leaving the jury to evaluate the credibility of the experts and to weigh their testimony accordingly.[7]

Accordingly, based on the foregoing, we reverse the trial court's grant of Hinton's motion in limine to exclude expert testimony and remand for further proceedings in light of the ruling in *Johnson*.

*Judgment reversed and case remanded. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 26, 2012 —

*Joseph H. King, Jr.*, for appellants.
*James M. Poe*, for appellees.

---

[7] (Footnotes and emphasis omitted.) Id. at 38-39 (2).