**THIRD DIVISION**
**ELLINGTON, C. J.,**
**DOYLE, P. J. and MILLER, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 30, 2013**

# In the Court of Appeals of Georgia

A11A2073. TIDWELL et al. v. HINTON & POWELL et al.       DO-094

DOYLE, Presiding Judge.

In *Tidwell v. Hinton & Powell*,[1] we reversed the trial court's partial grant of Hinton & Powell's motion in limine to exclude expert witness testimony on the ground that the trial court erred as a matter of law by excluding the testimony without first evaluating whether such testimony would assist the jury on matters of the amount of damages that were the proximate cause of any legal malpractice if those matters were outside the ken of the normal juror.[2] In *Hinton & Powell v. Tidwell*,[3] the Georgia Supreme Court remanded our decision for consideration of its interim decision in

---

[1] 315 Ga. App. 152 (726 SE2d 652) (2012).

[2] Id. at 153-154.

[3] __ Ga. __ (__ SE2d __) (Case No. S12C1274; decided Oct. 1, 2012).

*Leibel v. Johnson*,[4] which held that expert testimony is not admissible in a legal malpractice case to show causation because of the case-within-a-case structure of such an action.[5] Accordingly, we vacate our opinion, and based on the reasoning set forth in *Leibel*, we affirm the partial grant of the motion in limine to exclude the expert testimony of William Gainer as to the proximate cause, damage, and collectability of any award in the event that the attorney had not been negligent.

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

---

[4] 291 Ga. 180 (728 SE2d 554) (2012).

[5] See *Hinton & Powell*, __ Ga. at __ (Case No. S12C1274), citing *Leibel*, 291 Ga. at 180.