**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 5, 2020**

# In the Court of Appeals of Georgia

A20A1367. PHILLIPS et al. v. HARRIS et al.

HODGES, Judge.

In this legal malpractice case, Napoleon Harris and Think Wiser, Inc. (collectively "Harris") sought recovery against attorney Amelia Phillips and Phillips Law, LLC (collectively "Phillips"), alleging that her failure to properly argue his entitlement to a statutory treble damages exemption during a landlord-tenant action caused him to be wrongfully liable. See OCGA §§ 44-7-35 (c), 44-7-36. The jury found in favor of Harris and awarded $8,475.00 in damages and $5,000.00 in attorney fees and expenses, and the trial court entered judgment accordingly. Phillips now asserts, in somewhat overlapping enumerations of error, that the trial court erred because she met the appropriate standard of care in her representation of Harris and the evidence was insufficient to show she proximately caused Harris' damages; she

also contends the trial court erred in denying her motions for judgment notwithstanding the verdict and for directed verdict. We disagree and affirm.

The initial dispute between the parties is outlined in an unpublished opinion rendered by this Court in the landlord-tenant case that underlies Harris' claims of legal malpractice. *Think Wiser, Inc. v. Bowen*, 335 Ga. App. XXX (Case No. A15A2089) (2016). Harris owned a rental house that he leased to tenants. In 2014, the tenants sued Harris and his solely owned company, Think Wiser, alleging that after they moved out, he wrongfully withheld their security deposit and was therefore liable for statutory treble damages and attorney fees. Harris contended that the tenants had damaged the home such that he was justified in retaining the deposit. He also counterclaimed for damages. The magistrate court found in favor of the tenants. *Think Wiser*, 335 Ga. App. at 3-4. Harris then hired Phillips and her law firm to handle his appeal to superior court, where the tenants again argued that Harris wrongfully withheld their security deposit, entitling them to statutory treble damages. After a bench trial, the superior court found in the tenants' favor. Harris moved for reconsideration and to vacate and set aside the judgment, arguing, among other things, that he was statutorily exempted from treble damages. Id. at 4. The trial court denied Harris' motions, and this Court granted Harris' discretionary appeal. Id. at 4-5.

2

As this Court noted in that initial appeal, *Think Wiser*, 335 Ga. App. at 7-8 (2), the tenants' argument was based upon OCGA § 44-7-35 (c) which provides, in pertinent part, that a landlord "who fails to return any part of a security deposit which is required to be returned to a tenant pursuant to this article shall be liable to the tenant in the amount of three times the sum improperly withheld plus reasonable attorney's fees[.]" However, the treble damages provision

> shall not apply to rental units which are owned by a natural person if such natural person . . . own[s] ten or fewer rental units; provided, however, that this exemption does not apply to units for which management, including rent collection, is performed by third persons, natural or otherwise, for a fee.

OCGA § 44-7-36.

This Court affirmed the superior court, finding that Harris did not properly raise a statutory exemption argument until the motion for reconsideration stage, after the trial court had rendered its judgment. *Think Wiser*, 335 Ga. App. at 8 (2). As a result, we found that "[t]he issue of exemption under OCGA § 44-7-36 was not adequately presented to the trial court, and thus, the court's ruling that Harris was liable for treble damages did not constitute error." Id. at 8-9 (2). Phillips' motion for

reconsideration to this Court and his petition for certiorari to the Supreme Court of Georgia were denied.

Following this Court's decision in *Think Wiser*, Harris sued Phillips for legal malpractice, arguing that he was injured because she failed as his attorney to present evidence that he was exempt from the treble damages provision. After a jury verdict in Harris' favor in the malpractice action, Phillips filed the instant appeal.

1. Phillips argues that the evidence presented in the malpractice action was insufficient to show she failed to meet the standard of care. We disagree.

"In a legal malpractice action, the plaintiff must establish three elements: (1) employment of the defendant attorney; (2) failure of the attorney to exercise ordinary care, skill and diligence; and (3) that such negligence was the proximate cause of damage to the plaintiff." (Citation and punctuation omitted.) *Leibel v. Johnson*, 291 Ga. 180, 181 (728 SE2d 554) (2012). Phillips does not dispute the first element, but rather disputes the second and third elements in somewhat conflated enumerations of error.

> [W]ith respect to the ordinary care, skill and diligence element, the law imposes upon persons performing professional services the duty to exercise a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by their respective

4

professions under similar conditions and like surrounding circumstances.

(Citation omitted.) Id. Expert testimony is necessary to establish this second element, except in "clear and palpable cases[.]" Id.

In the instant case, the evidence showed that in the 2015 landlord-tenant case, Phillips mentioned in two sentences in her opening argument that Harris was an individual property owner who managed the property himself and was "in the exemption for any kind of treble damages." Phillips points us to nothing in the 2015 transcript, however, showing that she presented any further argument, evidence or testimony related to Harris' qualifications for the OCGA § 44-7-36 exemption. Nor did she ever inform the trial court, prior to its rendering judgment, of any legal authority for the "exemption" she mentioned, or cite OCGA § 44-7-36 to the trial court. See *Think Wiser*, 335 Ga. App. at 8-9 (2).

Phillips now contends that the 2015 transcript contained "blended words" and that she "in good faith believed that the law on exemption had been presented to the [c]ourt sufficiently to meet any standard of care to the client, though not [] perfectly clearly[.]" At the malpractice trial, Phillips testified that she thought she gave the judge "a packet of law containing OCGA § 44-7-36," and that she mentioned this

5

Code section at the 2015 trial but "it was not transcribed." She directs us to an e-mail she sent to Harris in which she said that she thought she had cited OCGA § 44-7-36 at trial, and that she "recall[ed] the judge writing this code section down while I repeated it to him[.]" The e-mail acknowledged that the transcript does not reflect this.

Phillips, however, points us to nothing in the record indicating that she attempted to correct the 2015 transcript, despite her belief that it was inaccurate. If Phillips believed the transcript omitted or misrepresented a necessary part of the proceedings, she had "the responsibility to seek to correct the transcript in that respect." *Johnson v. State*, 302 Ga. 188, 193 (3) (a), n. 7 (805 SE2d 890) (2017); see also *State v. Nejad*, 286 Ga. 695, 699 (1) (690 SE2d 846) (2010) (outlining procedure by which an incomplete transcript may be amended and certified). Further, once certified by a court reporter, as is the 2015 transcript, it is presumed accurate and complete. *Morris v. State*, – Ga. App. – (842 SE2d 45, 50 (2), n. 4) (2020), citing OCGA § 15-14-5.

With regard to Phillips' failure to present the exemption argument adequately, Harris presented two attorney-expert witnesses on the subject. Both testified that Phillips' failure to argue the statutory exemption and to present evidence and

testimony regarding Harris' qualifications for the exemption, or to clarify any evidentiary ambiguities regarding his management of the rental property, fell below the standard of care for Georgia attorneys.

Further, there is evidence indicating that Harris and Phillips discussed his qualifications for the OCGA § 44-7-36 exemption, and that he understood she would be arguing that he was exempt from the statutory treble damages provision because OCGA § 44-7-35 "does not apply to me" given that he was an individual owner of only one rental property. See generally *Berman v. Rubin*, 138 Ga. App. 849, 852 (227 SE2d 802) (1976) (An "attorney may breach [her] duty towards [her] client when, after undertaking to accomplish a specific result, . . . [she] then fails to comply with prescribed statutory formalities or to effectuate the intent of the parties."). We find no error.

2. Phillips contends that the trial court erred in failing to grant her motions for directed verdict or judgment notwithstanding the verdict in the malpractice action. She essentially argues that there was insufficient evidence to show that her legal representation proximately caused Harris to lose any exemption argument, and as a result, the jury was required to speculate that her actions had caused his liability for statutory treble damages. Again, we disagree.

7

In raising this argument, Phillips appears to reference the third element of the *Leibel* test, which requires that if a plaintiff has established the employment of the defendant attorney and that attorney's failure to exercise ordinary care and skill, the plaintiff must then show "that such negligence was the proximate cause" of his damages. 291 Ga. at 181.

"The standards for granting a directed verdict or j. n. o. v. are identical[.]" (Citation omitted.) *Whisper Wear, Inc. v. Morgan*, 277 Ga. App. 607, 608 (627 SE2d 178) (2006). A judgment n. o. v. or motion for directed verdict

> is properly granted only when there can be but one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. . . . If the record contains any evidence upon which the verdict can be based, the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury[.]

(Citations and punctuation omitted.) *Ogletree v. Navistar Intl. Transp. Corp.*, 271 Ga. 644, 646-647 (522 SE2d 467) (1999); see also OCGA § 9-11-50 (a), (b).

"Proximate cause in a malpractice action requires a plaintiff to demonstrate that but for the attorney's error, the outcome would have been different; any lesser

8

requirement would invite speculation and conjecture." (Citations and punctuation omitted.) *Szurovy v. Olderman*, 243 Ga. App. 449, 452 (530 SE2d 783) (2000). Given that we found no error in Division (1) regarding the trial court's determination that Phillips' representation fell below the standard of care, the next part of our analysis turns to

> the so-called "suit within a suit," to determine whether the client was, in fact, damaged by that negligence. Thus, the ultimate goal of the "suit within a suit" is to determine what the outcome should have been if the issue had been properly presented in the first instance. That determination, however, does not require that the jury in the malpractice action determine what the actual [factfinder] in the underlying action would have done; rather, the . . . jury [in the malpractice action] is to determine what a reasonable [factfinder] would have done if the case had been tried differently. Thus, the jury in the malpractice action is permitted to substitute its own judgment for that of the [factfinder] in the underlying action.

(Citation and emphasis omitted.) *Leibel*, 291 Ga. at 182.

Evidence presented in the malpractice action related to the claims in the underlying landlord-tenant suit showed that Harris owned the property at issue, and it was his only rental property. Harris used Atlanta Rental Services ("ARS") as a listing agent/broker to find tenants and prepare leases, but Harris was listed as the

9

property's "owner/manager" in his contract with ARS. Tenants paid ARS a "one-time" listing fee/security deposit, but Harris did not pay ARS or anyone else a management fee and ARS was not responsible for rent collection. Rent was paid to Harris' solely-owned company, Think Wiser, for bookkeeping and tax purposes,[1] but Harris did not pay Think Wiser any management fee. Harris testified that he performed all property management himself, including handling cleaning and repairs.

Phillips argues that this evidence is "ambiguous" and required the jury to speculate. In an appeal from the trial court's denial of a judgment n. o. v. or directed verdict, "we review and resolve the evidence and any doubts or ambiguities in favor of the verdict." (Citation omitted.) *Lomax v. Kroger Co.*, 348 Ga. App. 726, 727 (824 SE2d 629) (2019). Under this standard, there was evidence that fit within the factual requirements for exemption from treble damages under OCGA § 44-7-36 in that there was evidence showing that Harris is a "natural person," is the sole owner of the property, managed the property himself, and that although rent was paid to his solely-owned company, Think Wiser, neither it nor any other entity was paid a management fee. As there was evidence supporting the jury's verdict which did not demand a

---

[1] Phillips argued these facts, albeit belatedly, in her motion for reconsideration of the trial court's adverse judgment in the landlord-tenant case.

different verdict, the trial court did not err in denying Phillips' judgment n. o. v. and motion for a directed verdict. *Ogletree*, 271 Ga. App. at 646-647.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*